IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

WILLIE TOLBERT[1],         )
                                 )
         Plaintiff,       )
                                 )
v.                        )      No.:    3:21-CV-237-KAC-HBG
                                 )
TONY PARKER,         )
                                 )
        Defendant.     )

## MEMORANDUM & ORDER

Plaintiff, a prisoner proceeding pro se, has filed a motion for leave to proceed *in forma pauperis* [Doc. 5] in a civil action alleging constitutional violations by persons acting under color of state law [*See* Doc. 1 p. 6, 15]. Accordingly, the Court construes this cause under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

## I.      MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 5] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite

---

[1] Plaintiff signs his name as "Willie Tolber" [Doc. 1 p. 2, 4]. However, Tennessee Department of Correction inmate account records identify Plaintiff as "Willie Tolbert" [Doc. 5 p. 4-7]. The return address on the envelope bearing Plaintiff's complaint also identifies Plaintiff as "Willie Tolbert" [Doc. 1 p. 16]. Therefore, the Clerk is **DIRECTED** to update the docket to identify Plaintiff as "Willie Tolbert."

130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     PLAINTIFF'S COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b).

In his handwritten complaint, Plaintiff asks the Court to either stay these proceedings pursuant to a Tennessee statute allowing prisoners to exhaust their available administrative remedies within ninety days of filing a prisoner suit or allow him to proceed on a claim that Defendant has violated the Tennessee statute [Doc. 1 p. 1-2, citing Tenn. Code Ann. § 41-21-806].

Additionally, grievance records attached to the complaint contain Plaintiff's allegations that state officials have failed to protect him, denied him adequate medical treatment, denied him proper hygienic care, and failed to uphold state law [*Id*. at 4-7]. Plaintiff's exact claims and desired relief are unclear to the Court. Therefore, the Court concludes that Plaintiff should be provided an opportunity to amend his complaint to provide the necessary clarity prior to PLRA screening.

Accordingly, Plaintiff is **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the party/parties responsible within twenty-one (21) days of entry of this order. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Clerk is **DIRECTED** to mail Plaintiff a Section 1983 form for this purpose.

Plaintiff should avoid legal citations or legal arguments in his amended complaint. Rather, he should focus on clearly and succinctly setting forth the facts—the who, what, where, when, and why—of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the PLRA, which the Court will do as soon as practicable.

Accordingly, the Court will automatically deny any requests to further amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R :**

KATHERINE A. CRYTZER
United States District Judge

4